# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 805 | **DATE** | 2/14/2011 |
| **CASE TITLE** | Rush vs. Local 73 S.E.I.U. et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Rush's Motion to Proceed *In Forma Pauperis* is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Willie Rush ("Rush") moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, the Court grants Rush's motion.

    Rush's Complaint alleges age discrimination and retaliatory discharge against Chicago Public Schools ("CPS") and a breach of duty of fair representation against his union, Service Employees International Union Local 73 ("Local 73"). Specifically, Rush, who is 58 years old, alleges that he became a Local 73 member and employee of CPS as a custodian around 2005. Rush claims that he was discriminated against beginning on September 10, 2010 and that this discrimination continued until September 29, 2010. During his employment, Rush testified in a lawsuit involving a school official. Rush claims that he was subsequently suspended and laid off while "younger, less senior employees have not been laid off." Rush filed two separate charges with the United States Equal Employment Opportunity Commission ("EEOC") on January 4, 2011. On January 7, 20011, the EEOC, in issuing Rush its Right to Sue letter, determined that it was unable to conclude whether the information Rush provided established a statutory violation. Rush received the EEOC letter on January 11, 2011 and then timely filed this action on February 4, 2011.

    Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Rush to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Rush need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See id.* According to his financial affidavit, Rush has been unemployed since September 10, 2010, when he was laid off by CPS. Rush receives $1,100 per month in unemployment benefits and food stamps. Carrie Ann McGowan, who lives at the same residence as Rush, though her relationship to Rush is unclear, receives $674 per month in disability. Rush also owns a car valued at $9,000, on which he owes monthly payments of $387. Rush does

| STATEMENT |
|---|

not know how much money he still owes on the car. Neither Rush nor McGowan, nor anyone else living at the same residence, own any other items of personal property worth over $1,000, nor do they have more than $200 in cash or in a checking or savings account. Based on these facts, Rush's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Rush's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Rush alleges that his former employer discriminated against him and retaliated against him based on his age when he engaged in a protected activity. Rush also alleges that his union breached its duty of fair representation, presumably relating to the termination of his employment. Rush's claims were reviewed by the EEOC, which issued a Right to Sue letter, and the filing of his case timely followed the issuance of that letter. His Complaint provides the Defendants with adequate notice of the charges and does not appear frivolous or otherwise meritless. Therefore, Rush's Complaint is properly before the Court.

For the reasons stated, Rush's Motion to Proceed *In Forma Pauperis* is granted.