# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 805 | **DATE** | 3/25/2011 |
| **CASE TITLE** | RUSH vs. LOCAL 73 S.E.I.U., ET AL | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Rush's Motion for Appointment of Counsel [13] is denied without prejudice, and may be presented again later in the proceedings if the circumstances warrant.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff Willie Rush ("Rush") moves the Court to appoint him counsel. For the reasons stated below, the Court denies Rush's motion without prejudice, with leave to refile in the future if the circumstances warrant.

     Rush's Complaint alleges age discrimination and retaliatory discharge against Chicago Public Schools ("CPS") and a breach of duty of fair representation against his union, Service Employees International Union Local 73 ("Local 73"). Specifically, Rush, who is 58 years old, alleges that he became a Local 73 member and employee of CPS as a custodian around 2005. Rush claims that he was discriminated against beginning on September 10, 2010 and that this discrimination continued until September 29, 2010. During his employment, Rush testified in a lawsuit involving a school official. Rush claims that he was subsequently suspended and laid off while "younger, less senior employees have not been laid off." Rush filed two separate charges with the United States Equal Employment Opportunity Commission ("EEOC") on January 4, 2011. On January 7, 20011, the EEOC, in issuing Rush its Right to Sue letter, determined that it was unable to conclude whether the information Rush provided established a statutory violation. Rush received the EEOC letter on January 11, 2011 and then timely filed this action on February 4, 2011.

     The Court granted Rush's Motion to Proceed *In Forma Pauperis* on February 14, 2011.

| STATEMENT |
|---|
| On March 23, 2011, Rush filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty,* 433 F.3d 1001, 1006  (7th Cir. 2006).  Whether to appoint counsel for a civil litigant is a matter left to the district court's discretion. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997).  The Court considers whether Rush has made attempts to secure counsel himself, which he has, and then examines "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).  Rush's age discrimination and retaliation claims do not appear to present extraordinary complexities; his claims deal with a limited time period and an isolated number of incidents. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  Further, Rush appears competent to litigate his claim and investigate crucial facts. *See id*.  To that end, Rush has already taken advantage of the U.S. District Court's *Pro Se* Assistance Program. |